■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SMITH, Appellant. [996 NYS2d 35]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered April 21, 2011, convicting defendant, after a jury trial, of predatory assault against a child, sexual abuse in the first degree, and course of sexual conduct against a child in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The child victim's testimony established all of the elements of the crimes, and medical evidence tended to corroborate that testimony.

Defendant sought to introduce foster care agency reports

containing statements by two foster mothers regarding the victim's alleged untruthfulness regarding unrelated matters in the past. These reports satisfied the business duty requirement of the business records exception to the hearsay rule (*see Johnson v Lutz*, 253 NY 124, 128 [1930]) because the foster mothers were expected to report on the child's relevant conduct. Foster parents are required to sign an agreement with the foster care agency, providing, inter alia, that they will "endeavor to cooperate with the agency staff in the implementation or review of each child's service or discharge plan and to inform the agency of any incident or event that affects or may affect the child's adjustment, health, safety or well-being and/or may have some bearing upon the current service plan" (18 NYCRR 443.3 [b] [10]).

Nonetheless, we find that the reports were properly excluded. The proffered evidence largely consisted of opinions, conclusions, second-hand accounts and anecdotal evidence. Such statements are inadmissible, even if contained within otherwise admissible business records. Further, one of the foster mothers testified that she had not made the comments the caseworkers had attributed to her, calling the reliability of the reports into question.

The information the defense sought to introduce through the foster care agency records was cumulative of other evidence at trial. The first-hand testimony of the complainant and the foster mothers, all of whom were subject to cross-examination, was more reliable evidence than second- and third-hand statements contained in the records.

Any error in excluding the records would in any event be deemed harmless. The complainant gave detailed testimony regarding the alleged sexual abuse, and that testimony was strongly corroborated by evidence that she contracted HSV-2 from defendant, a disease that is nearly always sexually transmitted. The defense had ample opportunity to challenge the complainant's credibility, and some of its efforts to do so involved alleged incidents recounted in the disputed reports. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.